**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 9 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| LICEL TOBON-GARCIA, | No. 24-3152 |
| Petitioner, | Agency No. A200-978-987 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 6, 2026**
Portland, Oregon

Before: GRABER, BERZON, and SUNG, Circuit Judges.

Petitioner Licel Tobon-Garcia, a native and citizen of Mexico, seeks review

of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal of

the immigration judge's ("IJ") denial of cancellation of removal.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1

Because the BIA adopted the IJ's decision under *In re Burbano*, 20 I. & N. Dec. 872 (BIA 1994), "we review the decisions of both the BIA and the IJ," *Gonzaga-Ortega v. Holder*, 736 F.3d 795, 800 (9th Cir. 2013). We review for substantial evidence the agency's determination that the facts do not satisfy the "exceptional and extremely unusual hardship" standard for cancellation of removal. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025); 8 U.S.C. § 1229b(b)(1)(D). To meet the statutory standard, "the hardship must be out of the ordinary and exceedingly uncommon." *Gonzalez-Juarez*, 137 F.4th at 1006. For the following reasons, we deny the petition for review.

1. In concluding that Tobon-Garcia's wife and son would not suffer "exceptional and extremely unusual hardship" resulting from his removal, the IJ considered the pertinent hardship factors, including his wife's medical, emotional, and financial needs, his son's emotional and financial needs, and the consequences of long-term family separation.

Substantial evidence supports the IJ's conclusion that the medical and financial hardship to Tobon-Garcia's wife would not meet the standard for cancellation of removal. The IJ considered the wife's testimony that her medical conditions mostly do not affect her day-to-day life and that she has health insurance through her employer. The IJ also reasonably concluded that the financial impact of Tobon-Garcia's removal on his wife would be mitigated by the

2

fact that she supports herself financially and lives with other family members who help with mortgage payments.

Substantial evidence also supports the IJ's determination that the emotional and financial hardship to Tobon-Garcia's son would not be exceptional and extremely unusual. The IJ appropriately considered evidence that Tobon-Garcia's son lives with him only on weekends. If Tobon-Garcia were removed, his son would remain in the United States with his mother and stepfather and would continue to receive financial support and health insurance. Although family separation might cause Tobon-Garcia's son emotional hardship, the IJ reasonably concluded that such hardship is not unusual enough to warrant cancellation of removal.

2. The BIA's decision did not rely on Tobon-Garcia's wife or son's ability to sponsor immediate relatives. The BIA concluded that the hardship to both qualifying relatives was not exceptional and extremely unusual without considering the availability of a Form I-130 petition.

**Petition DENIED.**